Daniel E. CHRISTY, Plaintiff-Appellant,

v.

BOARD OF EDUCATION, LOUISIANA R II SCHOOL DISTRICT, Defendant-Respondent.

No. 49202.

Missouri Court of Appeals, Eastern District.

July 9, 1985.

Herbert A. Eastman, St. Louis, for plaintiff-appellant.

E. Rex Bradley, Louisiana, for defendant-respondent.

DOWD, Presiding Judge.

The Board of Education of the Louisiana RII School District, after a hearing, terminated the indefinite contract of tenured teacher Daniel E. Christy. The dismissal was based on findings of alcoholism, incompetency, and inefficiency in the administration of the vocal music program. The Circuit Court of Pike County affirmed the decision of the Board and an appeal was taken to this court. We affirm.

Appellant contends that the Board's findings are not based on competent and substantial evidence and the Board's decision was arbitrary and capricious.

In our review of the evidentiary grounds of an administrative decision, we may only determine whether the Board could have reasonably made its findings and reached its result or whether the decision was clearly contrary to the weight of the evidence. In so doing the evidence must be considered in a light most favorable to the Board's decision, together with all reasonable inferences that support it. *Board of Education, Mt. Vernon Schools v. Shank*, 542 S.W.2d 779, 781–82 (Mo. banc 1976); *Rainwater v. Board of Education of Greenville*, 645 S.W.2d 172, 173–74 (Mo. App.1983).

Since we found sufficient competent evidence in support of the Board's decision to terminate the plaintiff's indefinite contract under § 168.114(1) RSMo 1978 on the basis of a "physical or mental condition unfitting him to instruct or associate with children," this point is dispositive and we need not reach plaintiff's other contentions of error.

Viewing the evidence in a light most favorable to the Board's decision, the records demonstrate inter alia, that the plaintiff has a serious alcoholism problem dating back to 1980. Furthermore, on multiple occasions he has been in the presence of students while under the influence of alcohol during the past two school years. In August of 1981, he was discovered on school premises in an intoxicated state by school personnel.

To plaintiff's credit he sought treatment for his alcoholism and spent 25 days during the 1982–83 school year in an alcoholism rehabilitation program. Thereafter he remained alcohol free for seven months. During this period, a substitute teacher found a partially consumed bottle of vodka in his desk drawer. Plaintiff admitted that he had consumed this liquor on school property and during school hours. In addition plaintiff's inability to regulate his consumption of alcohol was a factor in automobile accidents in 1981 and 1983. In June of 1981 plaintiff was involved in an alcohol-related automobile accident and left the scene of the accident. On December 1, 1983, plaintiff left school at 3:15 p.m. and was involved in an accident at 3:51 p.m. A subsequent breathalizer test administered to plaintiff disclosed .25 alcohol content. Plaintiff originally plead guilty to a charge of driving while intoxicated, and a charge of leaving the scene of the accident. The first charge was subsequently reduced to one of blood alcohol content in excess of .10 percent. Furthermore, plaintiff admitted driving while under the influence of alcohol after his December 1983 accident.

Our review of the transcript leads us to conclude that the Board's decision is supported by competent and substantial evidence.

The judgment is affirmed.

CRIST and CRANDALL, JJ., concur.